UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRISTOPHER BASILE,** | Civil Action No. 10-3432 (FLW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| **SHERRY WIGGS, et al.,** | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiff Christopher Basile's ("Plaintiff") motion seeking leave to file a Second Amended Complaint in order to replace previously named John Doe defendants with the names of individual police officers and to add a claim against all Defendants for knowing and wrongful interference with parental rights. Defendants oppose Plaintiff's motion. The Court has fully reviewed the papers submitted in support of and in opposition to Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth below, Plaintiff's motion is DENIED.

**I.   Background and Procedural History**

This matter arises out of the arrest of Plaintiff by Defendant Point Pleasant Police Department ("PPPD") on August 20, 2006. Plaintiff's First Amended Complaint claims (1) conspiracy to deprive Plaintiff of constitutional rights pursuant to 42 U.S.C. § 1983; (2) deprivation of constitutional rights pursuant to 42 U.S.C. § 1983; (3) assault and battery; (4) abuse of process; (5) malicious prosecution; (6) false arrest; (7) intentional and negligent

infliction of emotional distress; and (8) prima facie tort. Plaintiff now seeks to amend his First Amended Complaint in order to substitute the names of individual police officers for the previously named fictitious John Doe defendants. Plaintiff also seeks to add a claim against all Defendants for knowing and wrongful interference with parental rights pursuant to 42 U.S.C. 1983.  Both Plaintiff and Defendants focus their arguments solely on Plaintiff's attempts to substitute the names of the individual police officers for the John Doe defendants; no arguments are specifically raised regarding Plaintiff's proposed knowing and wrongful interference with parental rights claim.  As a result, the Court does the same and does not specifically address the latter requested amendment herein.  Nevertheless, the Court notes that the same statute of limitations problem that plagues Plaintiff's efforts to make the former amendment also effects the latter.

     Plaintiff argues that he should be permitted to make the aforementioned amendments pursuant to the liberal standards set forth in FED.R.CIV.P. 15(a). Plaintiff argues that Defendants' conduct impeded discovery which in turn prevented Plaintiff from filing an amendment in a timely fashion.  As a result, Plaintiff claims that equitable estoppel should stay the statute of limitations. Plaintiff further argues that the Default Judgment (subsequently vacated) entered against former Defendant, Dobbs Ferry Police Department, stalled the discovery process and if the statute of limitations is not tolled to allow Plaintiff to amend his First Amended Complaint, Plaintiff would be unfairly prejudiced.  Plaintiff also alleges that Defendant PPPD engaged in fraudulent concealment by intentionally withholding names in their responses to Plaintiff's interrogatories.  In light of PPPD's fraudulent concealment, Plaintiff contends that the applicable statute of limitations should be tolled to permit his requested amendments.

Defendants oppose Plaintiff's motion. Defendants first argue that Plaintiff's motion should be denied because Plaintiff previously filed a motion seeking leave to file a Second Amended Complaint in the Southern District of New York and that motion was denied. Defendants argue that the Southern District of New York's decision denying Plaintiff's motion was correct and should be applied here.

In addition, Defendants argue that Plaintiff's motion should be denied pursuant to FED.R.CIV.P. 15(c).  In this regard, Defendants claim that Plaintiff must satisfy Rule 15(c)'s more stringent relation back principles before he is permitted to amend his Complaint because the statute of limitations has run on his proposed amended claims.  Defendants argue that Rule 15(c)(1)(C) requires the party seeking amendment to prove that the proposed new defendants "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

Defendants argue that Plaintiff has not met his burden because Plaintiff has not raised an argument under Rule 15(c)(1)(C) and therefore provides no evidence that any of the newly named individuals knew or should have known of this suit within the 120-day period or at a later time.  Defendants also argue that Plaintiff provides no evidence of mistake. Defendants contend that Plaintiff knew the identity of the officers he now seeks to add before he filed his First Amended Complaint and thus could have, but chose not to, use that information to add the police officers he now seeks to add now at that time. As a result, Defendants claim that Plaintiff did not make a mistake regarding the identity of the individual police officers he now seeks to add.  In light of the fact that Plaintiff cannot establish that the claims against the individual police officers

relate back to his original pleading under Rule 15(c), Defendants argue that Plaintiff's motion to amend is futile. Consequently, Defendants contend that Plaintiff's motion should be denied.

**II.    Analysis**

    **A.    Standard of Review**

According to FED.R.CIV.P. 15(a), leave to amend the pleadings is generally given freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)

However, where a party seeks to make an amendment after the statute of limitations has passed, that party must also establish that the amendment is appropriate under Rule 15(c). Rule 15(c) sets forth the circumstances under which an amendment "relates back" to the date of the timely filed original pleading. If an amendment "relates back" under Rule 15(c), it is considered timely even though it was filed outside the application limitations period. *Krupski v. Costa Crociere S.p.A*, 130 S.Ct. 2485, 2489 (2010).

Rule 15(c)(1)(C) requires that where an amended pleading changes a party or a party's name, the party to be brought in by amendment "(i) received such notice of the action that it will not be prejudiced on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." The Supreme

Court recently held that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge of its timeliness in seeking to amend the pleading." *Krupski*, 130 S.Ct. at 2490. In *Krupski* the Supreme Court concluded that the most important factor to consider is whether the newly named defendant had some form of notice that they might be a named party. However the Court also noted that if "[the moving party makes] a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties [that] is the antithesis of making a mistake concerning the proper party's identity." *Id.* at 2494.

When evaluating whether potential defendants received notice within Rule 4(m)'s 120-day period, the Third Circuit has held that notice is sufficient when a party has a reasonable expectation of being named a defendant after learning about the litigation through some informal means. *See Singletary v. Penn. Dept. Of Corrections*, 266 F.3d 186, 195 (3d Cir. 2001). Furthermore, "the notice received must be more than notice of the event that gave rise to the cause of action, it must be notice that the plaintiff has instituted the action. *Id.* (citing *Bechtel v. Robinson,* 886 F.2d 644, 652 n.12 (3d Cir. 1989)). In *Singletary*, the Third Circuit applied the "identity of interest" method for determining whether the defendant had notice; this test looks at whether the newly named party and the previously named defendant are "so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of litigation to the other." *Id.* at 198 (citing 6A Charles A. Wright et al., *Federal Practice and Procedure* § 1499, at 146 (2d ed. 1990)).[1] The Third Circuit found that the

---

[1] Another method of imputing notice to the proposed defendant is via the "shared attorney" method under which the defendant to be added is deemed to have received timely notice of the plaintiff's claims because that person is currently being represented by an attorney

5

defendant in *Singletary* did "not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule 15(c)(3) purposes." *Id.* at 199-200. The Third Circuit reached this conclusion because the proposed defendant was "a staff level employee with no administrative or supervisory duties" and "was not highly enough placed within the prison hierarchy." *Id.* With respect to police officers, the Third Circuit has similarly held that individual police officers qualify as non-managerial employees and are not highly enough placed in the city hierarchy to satisfy the identity of interest test. *See Garvin v. City of Philadelphia.,* 354 F.3d 215, 227 (3d. Cir. 2003). Further in *Garvin*, the Court held that the plaintiff could have discovered the name of the arresting officer within the 120-day time period after receiving the defendant's initial disclosures. *Id.* at 228.

**B.    Discussion**

Here, Plaintiff relies solely on Rule 15(a) in arguing that leave to amend should be granted. Plaintiff's motion does not address Rule 15(c).  Presumably, Plaintiff fails to address Rule 15(c) because he claims that the statute of limitations should be equitably tolled in light of Defendants' conduct, which allegedly impeded Plaintiff's ability to conduct discovery and bring this motion in a timely fashion. The Court, however, finds that Plaintiff has not established that the statute of limitations should be tolled.  This is especially true given the fact that prior to the expiration of the applicable statute of limitations, Plaintiff had access to and, by his own sworn testimony, read PPPD's police report concerning the underlying incident, which specifically identified the individual police officers Plaintiff now seeks to add.  (*See* Ex. A to Def. Opp.;

---

who represents an originally named defendant.  *See Singletary*, 268 F.3d at 198.  There is no support here, however, for applying this method of notice to the individual police officers Plaintiff now seeks to substitute for the John Doe defendants.

11/12/97 Tr. 26:11-19). As a result, the Court finds that Plaintiff must meet the relation back standards set forth in Rule 15(c) in order to amend his Complaint as requested.

In light of the fact that Plaintiff made no arguments under Rule 15(c), the Court could deny Plaintiff's motion on this ground alone. Nevertheless, the Court shall conduct its own analysis of Plaintiff's proposed amendment under Rule 15(c) to determine whether Plaintiff's proposed claims against the individual police officers relate back to his timely filed First Amended Complaint. In conducting this analysis, the Court focuses on whether the proposed new defendants received some form of notice of Plaintiff's claims against them. *See Krupski*, 130 S.Ct. at 2489-90. In making this determination the Court applies the identity of interest test outlined by the Third Circuit in *Singletary* to determine whether the individual police officers share a sufficient nexus of interest with PPPD such that notice to PPPD of Plaintiff's suit can appropriately be imputed to the individual police officers. 266 F.3d at 200.

Here, there is no evidence to suggest that any of the individual police officers were responsible for administrative or supervisory duties or were highly enough placed within the police department hierarchy such that they would share a sufficient nexus of interest with PPPD to impute notice of Plaintiff's suit on them. *See Garvin,* 354 F.3d at 227. As such, Plaintiff's proposed amendment fails under Rule 15(c)(1)(C)(i) because there is no evidence that the individual police officers received notice of Plaintiff's claims within Rule 4(m)'s 120-day period or even within the applicable limitations period.

Furthermore, the Court finds that Plaintiff could have discovered the names of the arresting officers, *i.e.,* the individual police officers Plaintiff now seeks to add, within Rule 4(m)'s 120-day time period as these officers were identified in PPPD's police report, which, as

described above, was not only available to Plaintiff, but, in fact, was read by Plaintiff sometime before November 12, 2007. (*See* Ex. A to Def. Opp.; 11/12/07 Tr. 26:11-19). Given Plaintiff's ability to discover the identities of the individual officers he now seeks to add, there is no reason to believe that Plaintiff's failure to timely name them as defendants resulted from a mistake regarding their proper identity. *See Garvin*, 354 F.3d at 228; *see also Krupski*, 130 S. Ct. at 2494. As a result, Plaintiff's proposed substitution of the individual police officers for the John Doe defendants also fails under Rule 15(c)(1)(C)(ii).

In light of the foregoing, the Court finds that Plaintiff's proposed amendments fail to relate back under Rule 15(c)(1)(C). Consequently, Plaintiff's proposed claims against the individual police officers are barred by the statute of limitations. As such, Plaintiff's request to substitute the individual police officers for the John Doe defendants is denied as futile.

### III. Conclusion

For the reasons stated above, Plaintiff's motion seeking leave to file a Second Amended Complaint in order to replace previously named John Doe defendants with the names of individual police officers and to add a claim against all Defendants for knowing and wrongful interference with parental rights is DENIED. An appropriate Order follows.

Dated: December 15, 2011

                                              s/Tonianne J. Bongiovanni
                                              **HONORABLE TONIANNE J. BONGIOVANNI**
                                              **UNITED STATES MAGISTRATE JUDGE**